E

Wayne Douglas Merkley-87699
*(full name/prisoner number)*
I.S.C.L.-Med. Anx-7.
P. O. Box 14
Boise, Idaho - 83707
*(complete mailing address)*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

Wayne Douglas Merkley,
*(full name)*
Plaintiff,

v.

Idaho Board Of Corrections;
Idaho Department of
corrections;
Idaho Department of
Health and welfare;
Oneida County Prosecutor's
Office;
Oneida County Public
Defenders Office;
Sixth Judicial District
Court - Oneida County;
*(Pg. 2)*

Case No. _____
*(to be assigned by Court)*

**PRISONER COMPLAINT**

Jury Trial Requested: ☒ Yes  ☒ No

Evidenciary Requested

**A. JURISDICTION**

The United States District Court for the District of Idaho has jurisdiction over my claims under:
*(check all that apply)*:

☒ 42 U.S.C. § 1983 *(applies to state, county, or city defendants)* (1.)
☐ ~~Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 *(applies to federal government defendants only)*~~
☒ Other federal statute *(specify)* ___(2.)___ ; or diversity of citizenship.
☒ I also ask the federal court to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1337; Venue 28 U.S.C. § 1391; Remedy and Relief 28 U.S.C. §§ 2201; 2202; (et. seq).

(1) § 1983 - § 2000(h)(6), (etc), anologe to 18 U.S.C. § 242; 48 U.S.C. § 1985(c), anologe to 18 U.S.C. § 241; both anologe to 18 U.S.C. § 245; (2) americans with Disabilities act 42 U.S.C. 12101, etc, codefined in 28 C.F.R., Part 35, Title II., and 28 C.F.R. § 35.103, other Disability laws, and disability related law and equity. (et. seq)

**PRISONER COMPLAINT - p. 1**

1

**B. PLAINTIFF**

My name is *Wayne Douglas Merkly* I am a citizen of the State of *Idaho* ,

presently residing at *Idaho State Correctional Institutions* .

**C. DEFENDANT(S) AND CAUSE(S) OF ACTION**

*(Copy and use a separate page for each defendant and each different type of claim; for example, if you have two different claims against one defendant, you will use two pages. Attach a continuation page if needed, but try to be brief.)*

1. I am suing _____, who was acting as _____
    *(defendant)*                                         *(job title, if a person; function, if an entity)*

for the _____.
    *(state, county, city, federal government, or private entity performing a public function)*

2. *(Factual Basis of Claim)* I am complaining that on _____, Defendant did
    *(dates)*

the following *(state how Defendant participated in the violation and include the reason Defendant so acted if known)*:
*The Defendants (page 1), are below 6, are listed in official capacity; and on some issues, claims, are their Individually; (id), Commissioners, Directors, Administrators, Wardens, (et. seq),*

                                                    *Issues  →*
*Page 1.; Corizon Health Services;*
*          Centurion (Health);*

3. *(Legal Basis of Claim)* I allege that the acts described above violated the following provisions of the Constitution, federal statutes, or state laws:

                                        *Claims  →*

4. I allege that I suffered the following injury or damages as a result:
*Pain, Suffering, Dehabilitation, Irrepairable Harm, et. seq., of the whole person, body and mind - collusively.*

5. I seek the following relief: *Declatory, Injunctive, nominal and full compensation (Remedy and Relief), and Damages.*

6. I am suing Defendant in his/her ☒ personal capacity *(money damages from Defendant personally)*, and/or ☒ official capacity *(seeking an order for Defendant to act or stop acting in a certain way; or money damages from an entity because of Defendant's acts, as allowed by law)*; or ☒ Defendant is an entity *(government or private business)*.
*acting as State actors; under authority of both State and Federal - Law.*

**PRISONER COMPLAINT - p. 2_**                                                    2

c.
[2.] 1. Frustrated, hindered, and chilled the Plaintiff's ability to speak, associate, and petition for redress of grievance, in violation of clearly established rights, privileges, and immunities of the Fourteenth and First-Amendments of the United States Constitution; et. seq.; .

2. Frustrated, hindered, and chilled the Plaintiff's ability to petition for a writ of habeas corpus, in violation of clearly established rights, privileges, and immunities of the Fourteenth amendment, and article I., section 9., clause 2., of the United States Constitution; and, of article I., of the Constitution of the State of Idaho; et. seq.;

3. Denied the Plaintiff reasonable and adequate diagnosis, care, treatment, and protection by implementing of an unlawful seizure, in violation of clearly established rights, privileges, and immunities of the Fourteenth and Fourth-Amendments of the United States Constitution; et. seq.;

-pg.-

3

4. Denied the Plaintiff reasonable medical and psycological - diagosis, care, treatment, and protection, in violation of the clearly established rights, privileges, and immunities banning cruel and unusual, and tortuous punishment under the Fourteenth and Eighth Amendments of the United States Constitution; et. seq.;

5. Denied the Plaintiff reasonable disability benefits in their services, programs, and activities, violating the clearly established Americans with Disabilities act; et. seq.;

6. The, Defendants, Breached a conditional [Public] contract by denying from the Plaintiff the subjective implied benefits in the statutory considered duties of Idaho Code, Title 66; et. seq.;

-pg.____

[3.] Claims:

The, Plaintiff has brought each of the Issues first upon the affirmative authority of the Fourteenth amendment of the United States Constitution; and it is alleged that there'in are all constitutional violations based upon the Doctrine of "Total Inclusion", (391 U.S. 145);

there'in, the view that all Original, and Fundamental - Rights, privileges, and immu nities of the Articles and amendments, (et. seq.), are "incorporated" into the Fourteenth amendments §1., States - Public Function;

(i.e.), the allegation that the judicial mat ters the Plaintiff brings before this Court, all include Fundamental and Substantive, Due Process Liberty and Equal Protection- - Intrests - collusively incorporated in the issues and claims; collusively - post - judge ment.

1., (Issue 1., 2.), It is alleged that there is an instant violation of Bounds to Smith, 430 U.S. 817 (1977), as the Court established a presumed

prejudice if both legal assistance and a
law library are denied, as in Idaho;

the Americans With Disabilities Act (A.D.A),
extends to law enforcement, courts, corrections,
28 C.F.R. §35.190(b)(6), and incorporates the Fourteenth
Amendment, 28 C.F.R. §35.103, 126 S. Ct. 877 (2006);
in attempted mediation between State Actors-
Attorney, Office of Attorney General, and Inmates-
Co Ad. - Attorney A. Cunningham, (§66.317 (15) Idaho
Code), the State refused to comply with the
A.D.A., refused to modify policy and procedure
and provide assistance to mentally disabled for
preparing legal actions for filing, (et seq.), for
civil complaints - 126 S. Ct.; for Habeas, 541 U.S.509
(2004); Prejudice found by the Courts-predetermined;

in this Federal Court in 1981, (Ref., 776 F.2d 851),
the parties, State of Idaho, and Inmates did
agree to a Stipulation, 235 N.E. 2d 664, 668; the Plain
tiff alleges the stipulation binds the parties to
the agreement; and, contains from mediation a
Judicial admission that inmates had been, and
would continue to suffer prejudice if, "legal as
sistance" for mentally disabled, and a "law library"

6

was not provided, (98 F. 2d 328, 330; 233 Ill. App. 240, 245); and the Stipulation - agreement was violated, in 1998, Bad Faith of the State terminating both. (See) Standards of 'arbitration; et. seq.;.

Pursuant to Idaho Session Laws - chapter 368 (1982), as public officials are presumed to be aware aware of the law governing their conduct, (523 u. S. 574, 590-91 ), the Prosecutor, Defence Council, Court, should have known the Plaintiff was amenable solely to this act, and he should be under an Interlocutory Judgement, (94 Idaho 162); and post-judgement, the Defendants are the civil-Guardian of the Plaintiff, (§66.337), (§66.317), tet. seq., Idaho Code), and all are alleged to have abandoned the ward, thus abandoned his needs for redress of the conviction, sentence, confinement; et. seq.;.

(et. sea.)

The Plaintiff has attempted to show, from 1981, 1982, (etc.), there has been a widespread, persistent, and pervasive denial of the ability to speak, (id., 28 C.7.R. §35.160), interference with ability to

7

associate, and prepare, litigate, (etc.) a
Petition For Redress of Grievance that was not
sparatic or isolated, creating apparent Harm,
(present and backward looking), and leaving him
under Imminent Danger, (the Harm is ongoing
and is collusive with medical-psycological issues).

2. (Issue 3), Filed here-with, 'Motion For Place
ment of attachment'; the attachment it is
alleged demonstrates, under the defend
ants fiduciary duty to be knowledable of
the law, (et. seq.), and the fact the State
prosecutor wrote the Legislation; post-judge
ment, there should be no reasonable defence
for fourty-years of a persistent, widespread,
persistent unlawful siezure under peno
logical retribution and deterence; this is
not isolated to the Plaintiff, and it was not
a sparatic incident but is systamatic; and,

As post-judgement, this does not create
a speedier or immediate release but could cre
ate access to review trial or sentencing matters.
(see) Beebe Vs Heil, 333 F. Supp. 2d 1011 (D. Colo. 2004); and

8

Ramirez v. Robinson, U.S.D.C. Utah, 2:11-cv-01199 CW, Document [66] 1/14/2015, Third Amended Complaint, [90] 3/16/2016 Order Granting Sipulation to [89] motion.

This unlawful siezure in the attachment, cases, law of cases, the identified prejudice, (id.) apparent Harm, includes atypical and significant hardship; (see) §39.5301, —, Idaho Code; and can include property intrests; and, Imminent Danger of ongoing prejudice as the defendants do not intend to change their conduct; et. seq.; .

3. (Issue 4.), (in below statement), It is alleged to be of this Courts knowledge from Balla III., Document, 822, all requisites of a plausible violation, and the intent of the court to hear the claims, 842 Stipulation page 10., no. 10, and determine the depth and breadth as directly applied to the Plaintiff's physical and psyco logical conditions; and also,

upon Idaho Session Laws Chapter 368 (1982),

it is alleged the following cases identify
the requisites for the claim ,–;
  the strongest excessive force claim is
  one where no force was justified, (id),
  when the force was without any "legit
  imate penological purpose"; Bodie vs.
  Schnieder, 105 F.3d 857, 861 (2nd cir. 1997);
  Giron vs. Corr. Corp. of am., 191 F.3d 1281, 1290
  (10th cir. 1999); (et. seq.).
  Excessive Force extends to a duty placed
  on officials to stop the excessive force
  from continuing; Durham vs Newman,
  97 F.3d 867 (6th cir. __)


  The record provided, there is no penologi
cal purpose in civil (criminal) commit
ment to a State Psycological Hospital for
rehabilitation; there-upon the duty of the
Guardians, (§66.337, Chilton 112 Idaho), to
protect the ward.


  4 (Issue 5), I can produce fact that the Idaho
Department of Corrections represented by the

Office of Attorney General in mediation with Inmates represented by Co-ad. Inc.; Attorney A. Cunningham, refused to bring the prison into compliance to the A.D.A.; and other showing of refusing to comply; or not being in compliance by Defendants.

I am a qualified individual with a Disability, or cronic conditions regarded as disabilities, Dual diagnosis, physical and psycological; and thus am deservant of benefits; services programs and activities, of the State government; and, because of multible physical and psycological conditions I am not subject to any exclusions; I have asked for provision of benefits and they have not been provided; leaving under apparent Harm and Imminent Danger;

the violations of above claim 3., (el. seq.), §1983 and A.D.A. are similar, thus Balla III cruel and unusual punishment violates the A.D.A., (perminate, wide spread, persistent; not isolated or sporatic,...);

Claiming non compliance to 28 C.F.R. Part 35, Title II., (or violation of) §§ 35.130(a) (b) (d); 35.134; 35.160; 35.150, and 151; (id.) §§ 35.105; 35.106; 35.107; el. seq.

That the violations of claim 1.-4, and 5 are both deliberately Indifferent to duties that government officials

11

are presumed to be aware of, thus "Intentional".

5. (Issue 6.) , On the Trial Court , by pre-existing mental disabilities , and criminal conduct listed in §19.2523 of Ida. Sess. Laws, ch. 368 ; the State is presumed to know the only consideration for the contract was I.S.L., ch. 368 ; and thus post-judgement , the defendants should be considered to be aware that there was a contract , based upon the fixed expression of the intent of the Legislature, (motion - attachment); held in substantive statue ; and by non - compliance to the act, session laws, affirmed by the law of cases , the defendants breached the contract , by non - compliance , starting in 1982, by not creating the, [§66.1318] , §66.335 Rules . Thus from 1982, a persistent, widespread, systematic creating of apparent Harm, and leaving me under Imminent Danger ;

This includes a §66.1317, (id.) due process notices violation, not explaining to me my civil commitment, "diagnosis, care, treatment, protection ; " without delay ; and reasonable timely access to release ; ; .

12

Statement:

I, Wayne Douglas Merkley am the declarer of this Statement, and the Plaintiff in this case; and I reside at Idaho State Correctional Institution - medical annex; and my incarceration began on 2/25/2008.

I need to convice the Court to help me find legal assistance, because without help I won't be able to continue with this case. I have attempted to bring other cases, for naught, because I was not able to prepare a reasonable action for filing, and unable to respond to Court needs or litigate in a reasonable manor.

The inability in legal matters occures for several reasons, my lack of sufficient schooling-literacy, as exacerbated by my multiple types of mental illness, and cronic pain, and, physical conditions

I hope this Court will consider the

-pg.-
A

grave fact of a claim of abuse, neglect, or exploitation of mentally disabled when they are placed into a prison system that does not provide assistance with the administrative grievance process, or assistance in access to courts; and, inmates don't have access to a reasonable law library or resources, to look up issues they have and determine if they are reasonable to bring to a court, and to sufficiently prepare claims to be presented to a court; and, thus it would be-also reasonable to presume a lack of reasonable ability to function in a preliminary judicial process, or litigate in the court.

_____ (see) Vargas v. Lambert, 159 F.3d 1161 (9th Cir 1998); I have at, "I", asked others for help, but there are no "Jailhouse Lawyers", any such inmates have disappeared over-time after the 1998 ending of the legal assistance program, and removal of the law library in 1998; thus, those whom I have sought help from are under the same, or other barriers, and thus their

assistance is ineffective, as is demonst
rated by the fact I have plausible claims
of constitutional violations, (et. seq.), on
my conviction, or sentence, or commitment,
however no prior attempt at recieving a
full litigation in a court has occured.

The fact is <u>no</u> mentally ill in prison
have reasonable access to courts; and this
is then collusive with other claims; @
(see) Idaho Session Laws, chapter 114, at sec
tion [19.853], (et. seq) right to an attorney, at
section 42, severed into Idaho Session Laws,
chapter 368 (1982), the civil commitment
allegation, newly learned, 2022/2023, at sec
tion 66.337(a) the trial, sentencing - attorney
is not relieved of a duty to be representing
me, but has abandoned me, (Prosecutor,
Defence Council, Court); but without access
to courts, I cannot raise this or other chap
ter 368 issues; [@] the other claim, that the
abuse, neglect, and exploitation, of denial
of access to courts, is an issue recognized
in [The] Americans With Disabilities Act, at

Revised 3/24/16

Tennessee vs Lane, 541 U.S. 509 (2004), 28 C.F.R.
Part 35, Title II., §35.190 (b)(6).


   The, Idaho Chapter 368 (1982), is verry dis
turbing to me, and should be of serious con
cern to the Court, at the attached; "Motion
for Placement of an attachment"; at Dr Dick
Worst; yes under Balla II, 869. F. 2d, incar
cerated mentally can be subjected to retribu
tion and deterence; but the claim, that
the defendants have not made the "distinc
tion", civilly commited are incapacitated
for rehabililation; (and the former doesnot
deminish the later); that Idaho Code, the
Court turns the jurisdiction of the control
of the individual over to the Idaho Board
of Correction to determine the appropriate
placement of the individual, prison or state
psychiatric hospital; and Idaho Board of
Corrections has not met the duty, and does
not have the ability to meet the duty due
to non-compliance to Idaho Code §66.335, and
§66.1318, (et. seq).

Idaho Session Laws - Chapter 368, has either, incapacitation under Idaho Code Title 66. chapter 3., or chapter 13.

This court, (see), Legislative Record, Idaho Session Laws - chapter 336 (2007), the Honorable Judge Winmill told the Legislature the State had failed to place chapter 13 individuals into a State Psychiatric Hospital, (1982-2007); same no individuals, amenable to chapter 3., (1982-2023), are being placed into a hospital!

The Legislature was allowed to amend chapter 13, on a temporary basis till the hospital could be built, 2007, and waiting 2023;

the pattern, practice, of an indisputable violation of §66.335(id) chapter 3., and contempt of State Vs Chilton 112 Idaho; contempt of Addington 441 U.S, (id) Law of Cases.

I have used disability law terminology for my medical - psycological conditions, whether cronic or not, they are qualified as disabling or regarded as disabling that; There are first those conditions

-pg.___

that were military service connected, that I was recieving treatment for prior to my arrest; and conditions that have generally or by aging developed post arrest; (1) multiple-dual psycological and inpart of Duality, (2) nerve-muscle-skeletal neck area damage, (3) nerve-muscle-skeletal damage to right-hand side knee damage, (4) nerve--muscle-skeletal degeneration of lower back, (5) oral dentures, (6) hearing and associated degeneration, (7) arthritis, (8.) cardiovascular; etc.;

the allegation that the medical-care providers are Nurse Practitioner(s); and, though they are overseen by a General Practice Physician, the Physician never has actual contact with the patient, and simply 'rubber-stamps' the decisions of the Nurse Practitioners.

The issue starts with not having; access to specialists for the conditions; establishment of treatment plans that are reasonable; following the treatment plans in general and specialist oversight; and extends to no

## D. PREVIOUS OR PENDING LAWSUITS

I have pursued or am now pursuing the following other lawsuits: *(include (1) all lawsuits in state or federal court related to the subject matter of this action, and (2) any federal court civil rights lawsuits, related or unrelated, and note whether you have received a strike under 28 U.S.C. § 1915(g) for filing a complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted.)*

| Court | Case No. | Case Name | | Status of Case | Strike? |
|-------|----------|-----------|---|----------------|---------|

*The Prison Policy started in 2011, cannot store closed cases, (et. seq.) I have filed other cases, I dont know the case numers, all preliminary dismissed, no estoppel or sanctions.*

## E. REQUEST FOR APPOINTMENT OF ATTORNEY

I do ⊗  do not ⊖  request that an attorney be appointed to represent me in this matter. I believe that I am in need of an attorney for these particular reasons which make it difficult for me to pursue this matter without an attorney: *due to my mental issues, no reasonable assistance, no reasonable law library, no reasonable access to re sources, State coercions against access, and as is part of alleged Bad Faith of the State, (et seq.)*

## F. DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury:

that I am the plaintiff in this action, that I have read the complaint, and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621; and

that I deposited this complaint postage prepaid in a United States postal depository unit on _____ (date); OR that I gave the complaint to prison officials for mailing and filing with the Clerk of Court under the indigent inmate policy on _____ (date); OR (specify other method) *Placed with Prison Officials for E-mail to Clerk of Court.*

Executed at *Idaho State Correctional* on *25 April 2023*.
(Location) *Institution?* (Date)

*Plaintiff's Original Signature*

*Note: Fill in the page numbers. Keep one copy of the complaint for yourself (or you may send a copy to the Clerk of Court with your original complaint so that the Clerk can stamp the date and case number on the copy and return it to you), but do not send extra copies of the complaint to the Court for Defendants or otherwise. Do not attach original exhibits to your complaint, such as your only grievance copy. Do not attach more than 25 pages of exhibits. If you have more exhibits, wait until the Court determines you can proceed and then seek leave to file them for an appropriate purpose. After your complaint has been filed, it must be reviewed by a federal judge to determine whether you can proceed.*

20

inclusion in the treatment plan; describing architectural needs, prosthetic need, et. seq.; and consideration in a duty of Guardians to meet the need to maintain prosthetic in good usable condition; et. seq.,.

Wayne D. Merkley

7. For this claim, I exhausted the grievance system within the jail or prison in which I am incarcerated. ☑ Yes ☑ No. If "Yes," briefly explain the steps taken to exhaust; if "No," briefly explain why full jail or prison grievance remedies were not exhausted.

Yes, I have attempted to, to the best of my ability; no, is directed to the Prison Litigation Reform act; Americans with Disabilities act; et. seq; the Grievance process is not reasonably available for mentally disabled; and here-filed with, motion to Placement of attachment, are documents showing the defendants (in part) have indicated they are not amenable to the claims; law; et. seq.,.
State Tort Notices Filed.

-pg.-
G

19