UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WAYNE DOUGLAS MERKLEY,<br><br>               Plaintiff,<br><br>vs.<br><br>IDAHO BOARD OF CORRECTION;<br>IDAHO DEPARTMENT OF<br>CORRECTION; IDAHO DEPARTMENT<br>OF HEALTH AND WELFARE; ONEIDA<br>COUNTY PROSECUTOR'S OFFICE;<br>ONEIDA PUBLIC DEFENDERS OFFICE;<br>SIXTH JUDICIAL DISTRICT COURT -<br>ONEIDA COUNTY; CORIZON HEALTH<br>SERVICES; and CENTURION HEALTH,<br><br>               Defendants. | Case No. 1:23-cv-00207-AKB<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Wayne Douglas Merkley's Complaint because of his status as a prisoner and request to proceed in forma pauperis. (Dkts. 3, 1). A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must summarily dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Upon review of Plaintiff's filings, the Court has determined that he must file an amended complaint to correct the deficiencies identified in this Order.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

**REVIEW OF COMPLAINT**

**1.  Standard of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id*. (citing *Twombly*, 550 U.S. at 556), or provides sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of" the defendant's wrongdoing. *Twombly*, 550 U.S. at 556. A pleading that offers merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**2.  Summary of Reasons for Requiring Amendment**

Plaintiff brings various general claims asserting that the conditions of his confinement violate the federal Constitution, federal statutes, and the Idaho Constitution. Because he has stated insufficient particulars about how he personally has been injured by the alleged violations, he has failed to state a claim upon which relief can be granted. If he previously raised his claims through the prison grievance process, he may simply copy that information from the prison grievance forms to his amended complaint. This is a simple way to specify "the who, what, where, why, when, and how" of his claims as he attempts to draft his amended complaint.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

Plaintiff brings virtually the same claims against the same Defendants under the Americans with Disabilities Act and the Civil Rights Act, but each has a different standard of law and each has a different rule for proper defendants, as explained below.

Plaintiff also brings state law claims under the Court's supplemental jurisdiction authority, 28 U.S.C. § 1367(d). Because he has stated no federal claim upon which he can proceed, he cannot proceed on any state law claim, but he may include these claims in an amended complaint if he has adequate grounds for both federal and state law claims.

Plaintiff asserts that various federal statutes, including criminal statutes, apply to his case and create causes of action *by analogy*. These assertions do not support a claim. Criminal statutes provide no basis for civil liability. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). These claims should not be included in an amended complaint.

It is unclear whether Plaintiff has exhausted his administrative remedies for each of these claims. This is a necessary prerequisite to bringing his claims in federal court. The Court cannot require plaintiffs to state in their amended pleadings whether they have exhausted administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 200 (2007). Plaintiff should be aware that the Defendants can seek dismissal of his claims at a later date if he failed to exhaust his claims prior to filing. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

The Court now will discuss the deficiencies in the Complaint and provide Plaintiff with instructions and a deadline for amendment.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

### 3.  ADA Claims: Discrimination and Accommodation

Plaintiff brings claims against the state of Idaho, the county of Kootenai, and various government agencies under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*. (Dkt. 3, p. 4). Plaintiff asserts:  "I have asked for provision of benefits and they have not been provided." (*Id*., p. 11).

To state a claim of disability discrimination under Title II of the ADA, 42 U.S.C. § 12132, *et seq*., plaintiffs must allege four elements:  (1) they have a disability as defined by statute; (2) they are otherwise qualified to participate in or receive the benefit of a public entity's services, programs, or activities; (3) they were excluded from participation in or denied the benefits of the public entity's services, or were otherwise discriminated against by the public entity; and (4) such exclusion, denial, or discrimination was because of their disability. *See McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004). The ADA defines a disability as:  "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual"; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). The plaintiff should include facts in the complaint showing "the existence of a reasonable accommodation" that would enable him to participate in the program, service, or activity at issue, if the cause of action focuses on the lack of accommodation for a disability. *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1217 (9th Cir. 2008) (internal citations omitted) (addressing requirements of a prima facie case).

The proper defendant in an ADA claim is the state or a state entity. *See United States v. Georgia*, 546 U.S. 151, 159-60 (2006) (holding that Title II of the ADA validly abrogates Eleventh Amendment immunity for states). Another acceptable defendant is a state official in their official

capacity, but no individual/personal capacity claims exist under the statute. *See, e.g.*, *Becker v. Oregon*, 170 F. Supp. 2d 1061, 1066 (D. Or. 2001).

Plaintiff alleges that he suffers from the following disabilities:  psychological conditions, nerve-muscle skeletal conditions, knee damage, degeneration of his lower spine, hearing degeneration, arthritis, cardiovascular disease, and oral dentures. (Dkt. 3, p. 18). Plaintiff has not brought forward facts making a causal connection showing the reason he was denied benefits and services was that he was disabled, or that he requested and was denied an accommodation for his disability. The descriptions of how, when, and where the government denied Plaintiff access or discriminated against him are too vague to be actionable. The Court now reviews Plaintiff's different ADA claims.

### A.  *ADA Claims against Prison - Grievances and Court Filings*

Plaintiff alleges that he has had difficulties filing prison grievances in the prison's administrative remedies system. He also alleges that "the State refused to comply with the A.D.A., refused to modify policy and procedure and provide assistance to mentally disabled for preparing legal actions for filing . . . civil complaints . . . and habeas." (Dkt. 3, p. 6).

Plaintiff has not provided enough specific information for the Court to determine whether he has stated a claim that has a causal link to his disabilities. For example, some of his allegations are not disability access issues, but issues facing all inmates—such as lack of a law library and better resources for researching cases. Those allegations do not state an ADA claim, nor do they state an access to courts claim under the Civil Rights Act. as explained below. If Plaintiff has examples of how he requested accommodations to enable him to file a grievance or access the courts, and his request was denied, he should set forth those facts in an amended complaint.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

Plaintiff refers to the existence of "stipulations" between inmates and the prison regarding access to the courts resources for disabled inmates. He states that the IDOC refused to bring the prison into compliance with the ADA after attending a mediation where Co-Ad, Inc., a disability access advocacy group, represented disabled inmates. (*Id.*, pp. 10-11). Additional facts supporting these allegations would be helpful to the Court to discern Plaintiff's particular accessibility claims.

Plaintiff will be given leave to file an amended complaint if he has supporting facts. If he does not, he should not include this ADA claim in his amended complaint.

### B.  *ADA Claims against Prison - Mental Health Care*

Plaintiff also brings claims that the prison is denying him treatment for his disabilities by not housing him in a correctional mental health hospital, rather than in the prison medical annex. Plaintiff's claim would be cognizable if prisoners without disabilities were being treated in a correctional mental health hospital, and Plaintiff was denied entry to that program because he was disabled. However, in Idaho, there is no correctional mental health hospital, and therefore no prisoner is receiving such benefits. This allegation does not state an ADA claim and should not be included in an amended complaint.

Further, nothing in the ADA requires the IDOC to build a correctional mental health hospital, even if, in the past, the IDOC aspired to build one. Contrary to Plaintiff's assertions, imprisoned convicted felons have no absolute right to be housed in a dedicated mental health facility, and no right to rehabilitative treatment in prison. *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 470 (9th Cir. 1989).

In addition, Idaho Code § 18-207 cannot form the basis of a federal ADA or civil rights claim. This statute provides that a person convicted of a criminal offense who has a mental

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

condition that requires treatment "shall receive treatment in a facility which provides for incarceration or less restrictive confinement." The title of that section is, in fact, "Provision for treatment during incarceration." Under the plain language of the statute, Plaintiff may be placed in a prison. This statute should not be included as the basis for a claim in the amended complaint.

All IDOC inmates are entitled to receive mental health treatment, regardless of whether they have an ADA-qualifying disability or where they are housed. If Plaintiff alleges that he is not receiving adequate mental health care for his mental health conditions, he must bring that claim as a § 1983 Eighth Amendment claim, addressed below.

### C.  *ADA Claims against the Court, the County, and County Entities*

Plaintiff has included a listing of government entity Defendants in the caption of his Complaint, but provides no factual allegations in the body of the Complaint, other than they "should have known he was amenable [to the ADA]." (Dkt. 3, p. 7). He includes the Idaho Department of Health and Welfare, the Sixth Judicial District Court in Oneida County, the Oneida County Prosecutor's Office, and the Oneida County Public Defender's Office. Plaintiff must amend his Complaint to provide specific allegations against each of these entities, including the who, what, where, when, why, and how of each alleged deprivation or failure to accommodate his disability. If he has no such allegations, he should not include these Defendants in his amended complaint.

### 4.  Civil Rights Acts Claims

### A.  *Improper Defendants*

Plaintiff brings some of his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Title 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments to the United States Constitution.

Proper defendants in a § 1983 claim are any of the following:  (1) state actors in their individual/personal capacities who personally participated in the alleged constitutional violations (when the claim is for monetary damages); (2) state actors in their official capacities (when the claim is for injunctive relief—which is a request for an order to require officials to act or stop acting in a certain way); or (3) the county or county entities if a county policy or custom caused the constitutional violation.

Generally, the Eleventh Amendment provides sovereign immunity to states and state entities, and therefore they are not proper defendants in a § 1983 action. The IDOC and other state entities cannot be sued in federal court except in two instances:  (1) where the state of Idaho has expressly waived its sovereign immunity, *see Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); or (2) where Congress acted under a valid grant of constitutional authority and specifically intended to abrogate state sovereign immunity. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000).

Here, the state of Idaho has not waived sovereign immunity for § 1983 suits in federal court. nor does § 1983 abrogate state sovereign immunity. The Eleventh Amendment's jurisdictional bar applies to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" is amenable to suit under 42 U.S.C. § 1983, and a state or a state entity is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore,

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

Plaintiff may not proceed against the state or a state entity under § 1983, but must name a proper defendant for each § 1983 claim in his amended complaint.

To bring a § 1983 claim against a municipality (county or other local governmental entity), a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978). That is, "a municipality [or entity] can be found liable under § 1983 only where the municipality [or entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Under *Monell*, requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following:  (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). All policy-based claims must meet the pleading standards clarified by *Twombly* and *Iqbal*, *supra*. That is, mere "formulaic recitation of a cause of action's elements" is insufficient. *See Twombly*, 550 U.S. at 555.

### B.  *Section 1983 Claims based on Disability Discrimination—"Parallel Claims"*

Any claims based on discrimination or failure to accommodate because of a disability must be brought under the ADA, rather than § 1983. Asserting that the same facts state an ADA claim against the state and a § 1983 claim against individual defendants is not permissible; Plaintiff's sole remedy for disability discrimination lies with the ADA. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (holding "that a plaintiff cannot bring an action under 42 U.S.C. § 1983

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 9**

against a State official in her individual capacity to vindicate rights created by Title II of the ADA."). If Plaintiff has claims he intends to bring under § 1983 that are not based on his disability, he must separately set those forth in his amended complaint.

### C.  *Fourteenth Amendment Claims*

Plaintiff asserts causes of action under the Fourteenth Amendment. (Dkt. 3, p. 5). For the following reasons, he cannot proceed.

#### i.   Claims Must be Asserted Under More Particular Amendment

Where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989). For example, here, Plaintiff's claims are better analyzed under the First and Eighth Amendments.

#### ii.   Doctrine of Total Inclusion Not a Basis for a Claim

Plaintiff asserts claims under the "Doctrine of Total Inclusion." (Dkt. 3, p. 5). He cites *Duncan v. State of Louisiana*, 391 U.S. 145 (1968) for this principle. In *Duncan*, the dissent explained that this "doctrine" is a method of constitutional interpretation that attempts to define "liberty" and "due process of law" in terms of American tradition and government. *See id*. at 176-77 (Black, J., dissenting). As explained directly above, Plaintiff must proceed under a more particular amendment, not the Fourteenth Amendment, where possible, to frame his civil rights claims.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 10**

iii.   <u>Equal Protection Claims</u>

Plaintiff also asserts that he is protected by the Fourteenth Amendment's Equal Protection Clause, but he does not provide allegations to support such a claim. Under the Equal Protection Clause, "all persons similarly circumstanced shall be treated alike" by governmental entities. *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920). However, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147 (1940).

As directed above, Plaintiff's disability discrimination claims must be asserted under the ADA. *See Borenstein v. Animal Found*., 526 F. Supp. 3d 820, 841 (D. Nev. 2021) ("Borenstein cannot bring his equal protection claim for disability discrimination under § 1983," but he can "maintain an equal protection claim to the extent it is based on indigency because the ADA does not cover that."). If Plaintiff has an equal protection claim based on a factor other than his disability, he may attempt to bring that claim under § 1983 in an amended complaint.

**D.   *First Amendment Access to Courts Claims***

Plaintiff asserts that Defendants frustrated, hindered, and chilled his ability to petition for redress of grievances and to file a habeas corpus petition, in violation of the First and Fourteenth Amendments. (Dkt. 3, p. 3). This claim is construed under the First Amendment.

In *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the United States Supreme Court held that prisoners have a fundamental right to access the courts, and that prison officials must provide the means for prisoners to prepare and file meaningful legal papers. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Court explained the limitations of the *Bounds* holding. The right to access the courts extends only to actions that challenged a criminal conviction or the conditions of a prisoner's

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 11**

confinement, and then only to file a court grievance, not to "*discover* grievances" or "to *litigate*

*effectively* once in court." *Id*. at 354. The  federal Constitution "does not require that prisoners

(literate or illiterate) be able to conduct generalized research, but only that they be able to present

their grievances to the courts." *Id*. at 360.

      Claims for denial of access to the courts may arise from the frustration or hindrance of "a

litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit

that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-

15 (2002).

      To state a forward-looking access to courts claims, the plaintiff must allege facts showing

that a prison employee's action is presently denying the plaintiff an opportunity to litigate. *Id*. at

413. This type of claims does not mean that "the opportunity has . . . been lost for all time . . . but

only in the short term." *Id*. A forward-looking claim is expressly for the purpose of "plac[ing] the

plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been

removed." *Id*. at 413.

      To state a backward-looking access to courts claim alleging that a prisoner suffered the

loss of a suit that cannot now be brought, a prisoner must allege facts supporting three elements:

(1) official acts that frustrated the inmate's litigation; (2) loss of a "nonfrivolous" or "arguable"

underlying claim that is set forth in the Complaint, including the level of detail necessary "as if it

were being independently pursued"; and (3) specific allegations showing that remedy sought in

the access to courts claim is not otherwise available in a suit that could be brought now or in the

future. *Id*. at 415-17.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 12**

Plaintiff has not provided any facts showing that prison officials have prevented him from filing a specific claim he desires to bring, or one he desired to bring in the past, but lost. He will be given leave to file an amended complaint, or omit this claim if he has insufficient supporting facts.

### E.  *First Amendment Free-Speech Claim*

Plaintiff asserts that Defendants "frustrated, hindered, and chilled Plaintiff's ability to speak." (Dkt. 3, p. 3). The context of an inmate's exercise of free speech determines how much protection is afforded the speech. In *Turner v. Safley*, 482 U.S. 78 (1987), the United States Supreme Court examined the free-speech issue in the context of prison officials prohibiting correspondence between inmates residing at different state institutions. The Supreme Court instructed federal district courts to review four factors when a prison regulation or practice impinges on a First Amendment right of a prisoner:  (1) whether there is a "'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it," *id*. at 89 (citation omitted); (2) whether "there are alternative means of exercising the right that remain open to prison inmates," *id*. at 90; (3) what "impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally," *id*.; and (4) whether "ready alternatives" at a "de minimis cost" exist, which "may be evidence that the regulation is not reasonable, but is an 'exaggerated response' to prison concerns." *Id*. at 90 (citation omitted).

The Complaint contains no factual allegations to support this claim. Plaintiff will be given leave to file an amended complaint to assert supporting facts under this theory or to omit it from any amended complaint.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 13**

### F.   *Freedom of Association Claims*

Plaintiff also asserts that his First Amendment freedom of association rights have been violated. "[F]reedom of association is among those rights least compatible with incarceration," and "[s]ome curtailment of that freedom must be expected in the prison context"). *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). In *Overton*, the Court determined that a challenged regulation that curtails freedom of association must meet the *Turner* standards, set forth directly above. *Overton*, 539 U.S. at 131-32. Plaintiff will be given leave to file an amended complaint to assert supporting facts under this theory or to omit it from any amended complaint.

### G.   *Medical Care Claims*

The Eighth Amendment to the United States Constitution guarantees inmates the right to be free from cruel and unusual punishment. The Eighth Amendment includes the right to adequate medical care in prison, and prison officials or prison medical providers can be held liable if their "acts or omissions [are] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Eighth Amendment also "requires that prisons provide mental health care that meets 'minimum constitutional requirements.'" *Disability Rights Montana, Inc. v. Batista*, 930 F.3d 1090, 1097 (9th Cir. 2019) (quoting *Brown v. Plata*, 563 U.S. 493, 501 (2011)).

An Eighth Amendment claim has two components. The first is an objective showing:  a plaintiff must allege facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm," such as lack of medical care for serious health conditions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

The second component is a subjective showing—that the defendant acted with

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 14**

"deliberate indifference," which is "more than mere negligence," but "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. To satisfy the subjective component, a prisoner must show that a prison official was aware of but recklessly disregarded an excessive risk to an inmate's health. *Id.* at 838.

Importantly, gross negligence and ordinary negligence are not actionable under § 1983, because such actions are not an abuse of governmental power, but rather a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Here, Plaintiff vaguely asserts that Defendants denied him medical and psychological diagnosis, care, and treatment in violation of the Constitution. (Dkt. 3, p. 4). As noted above, assertions based on the *Balla* case do not support a new claim here. Assertions that defendants are "supposed to place qualified individuals (mentally ill or sexual offenders) into inpatient psychiatric hospitals" based on Idaho Code § 18-207 (Dkt. 7, p. 3), do not support a civil rights claim, as explained above.

Similarly, assertions based on Idaho Code Title 66, Chapter 3, entitled "Hospitalization of the Mentally Ill," do not support a civil rights claim in this context. While the Idaho statutes provide for a different path to be followed if a person requires civil commitment in a state mental hospital, Plaintiff is not on that path because he is a convicted felon, not a civilly-committed person. Further, his references to repealed or nonexistent statutes, such as Idaho Code §§ 66-360 and 66-368, do not support a federal cause of action.

If Plaintiff is receiving inadequate care for a serious medical or mental health need, he may submit an amended complaint naming the individual providers who personally participated in the

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 15**

denial of care (and/or those with authority to remedy the lack of care), but only after exhausting his prison administrative remedies.

Plaintiff also names Centurion, the private contractor that provides healthcare to IDOC prisoners, as a defendant. Insufficient facts support this claim, and Plaintiff is granted leave to amend. To bring a § 1983 claim against a private entity performing a government function, a plaintiff must allege that officials carried out an official policy or unofficial custom that inflicted the injury at issue. *Monell*, 436 U.S. at 694; *Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1139 (9th Cir. 2012) (*Monell* applicable to private entities performing government functions). If Plaintiff has policy- or custom-based medical or mental health care allegations, he may bring them in an amended complaint.

Plaintiff also names Corizon, the prison's former private medical contractor, as a defendant. However, on February 13, 2023, Corizon filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, under Case No. 2390086-CML. The automatic bankruptcy stay under 11 U.S.C. § 362 in that action prevents Plaintiff from proceeding.

## INSTRUCTIONS FOR AMENDMENT

The Court has carefully reviewed the Complaint and provided Plaintiff with information and instructions for amendment. The Court recognizes that many of the claims in the Complaint mirror frivolous claims that have been asserted by Inmate Stephen Ullrich numerous times without success. Chief United States District Judge David C. Nye issued a pre-filing review order against Mr. Ullrich in Case No. 20-cv-00035-DCN, *Ullrich v. Idaho State Courts* ("Case 35"). Mr. Ullrich is prohibited from bringing further claims that "he should be or should have been civilly committed

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 16**

due to mental illness rather than placed in a prison." (Case 35, Dkt. 2, p. 8). Mr. Ullrich's handwriting and his habit of interspersing letters and copies of legislation with complaint allegations cause the Court to question whether Mr. Ullrich is using Plaintiff's pleadings to continue to pursue frivolous legal theories.

The federal court docket shows that Plaintiff has filed two similar lawsuits. *See* Case No. 1:14-cv-00463-CWD, *Merkley v. State of Idaho, et al*. (filed 10/29/14, closed 03/08/16) ("Case 463"); and Case No. 1:22-cv-00188-BLW, *Merkley, et al. v. Idaho Board of Corrections, et al*. (filed 04/26/22, closed 08/04/22) ("Case 188"). The pleadings in these cases also appear to have been drafted by Mr. Ullrich. *See* Case 188 and Case 463. If Plaintiff has claims of his own that he desires to bring, he may file an amended complaint, following the instructions set forth above.

Because Plaintiff has asserted that he has difficulty with court filings, the Court will provide him with simplified complaint forms to use for his ADA, medical, and access to courts claims. Other causes of action should be presented on the regular civil rights complaint form (also provided), asserting one cause of action against one defendant per form, following the instructions for the particular causes of action set forth in this Order. All of the forms can be submitted together as an amended complaint.

For any amended complaint, Plaintiff must decide whether to assert § 1983 civil rights claims against state officials who personally participated in the alleged constitutional violations (in their official capacity for injunctive relief, or in their individual/personal capacity for monetary relief) or county or private entities based on policy- or custom-based allegations, and/or whether to assert ADA claims against the state or state and county entities. Then he must carefully divide

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 17**

his causes of action into separate claims, stating who did (or was responsible for) what, when, where, why, and how.

Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings (complaints, prior amendments, and supplements of any kind). Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces an original or previously-amended pleading, including all supplements.

The amended complaint must be legibly written, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court. If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint."

## CONCLUSION

Plaintiff cannot proceed on his Complaint. He must file an amended complaint within thirty (30) days after entry of this Order. If he does not desire to proceed, he should file a notice of voluntary dismissal. If Plaintiff fails to file anything further in this matter, his Amended Complaint will be dismissed without prejudice without further notice for failure to state a federal claim upon which relief can be granted.

## ORDER

**IT IS ORDERED:**

1. Plaintiff must file an amended complaint, correcting the deficiencies in the original complaint and intended to replace the original complaint in full, no later than **30 days** after entry of this Order. Failure to do so will result in dismissal of his Complaint without prejudice.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 18**

2. Plaintiff's Motion to Appoint Counsel (Dkt. 6) is DENIED without prejudice, pending an Amended Complaint that sets forth personal claims of Petitioner with sufficient factual allegations.

3. Plaintiff's Motion for Placement of Attachment (Dkt. 7) is DENIED as an improper supplement to the Complaint, containing irrelevant argument and documents.

4. The Clerk of Court shall provide Plaintiff with four complaint forms with his copy of this Order. He may make additional copies of the forms, as needed.

DATED: December 21, 2023

_Amanda K. Brailsford_
Amanda K. Brailsford
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 19**